

## U.S. Department of Justice

*United States Attorney*
*Southern District of West Virginia*

---

*United States Courthouse*  *PHONE: (304) 253-6722*
*110 North Heber Street*   *FAX: (304) 253-9206*
*Beckley, West Virginia 25801*

**FILED**

OCT 1 6 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

October 9, 2007

Debra A. Kilgore, Esquire
BURTON KILGORE LAZENBY & CASSELL
1460 Main Street
Princeton, West Virginia  24740

    Re: <u>United States v. Eulalia Headen</u>

Dear Ms. Kilgore:

  This will confirm our conversations with regard to your client, Eulalia Headen (hereinafter "Ms. Headen"). As a result of these conversations, it is agreed by and between the United States and Ms. Headen as follows:

  1. **CHARGING AGREEMENT**. Ms. Headen agrees to waive her right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

  2. **RESOLUTION OF CHARGES**. Ms. Headen will plead guilty to a violation of 21 U.S.C. § 843(b) (using a telephone to commit, cause, and facilitate the commission of a felony) as charged in said information.

_____
EULALIA HEADEN
Defendant

               *10-15-07*
               Date Signed

_____
DEBRA A. KILGORE
Counsel for Defendant

               *10/15/07*
               Date Signed

3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Ms. Headen will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of 4 years;

(b)   A fine of $250,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of 1 year;

(d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4.   **SPECIAL ASSESSMENT.**  Ms. Headen has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case.  Ms. Headen agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.   **COOPERATION.**  Ms. Headen will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Ms. Headen may have counsel present except when appearing before a grand jury.

_____          _____
EULALIA HEADEN                          Date Signed
Defendant                               10-15-07

_____          _____
DEBRA A. KILGORE                        Date Signed
Counsel for Defendant                   10/15/07

6.   **FORFEITURE.**  Ms. Headen hereby agrees as follows:

(a)   To forfeit to the United States any and all property in her possession, under her control or which was seized from her, which constitutes proceeds of or facilitated the distribution of controlled substances including, but not limited to, the following:

(1)   One 2007 Cadillac Escalade, red in color, VIN 1GYFK66817R338737, seized on July 24, 2007 (CATS No. 07-DEA-488507);

(2)   The sum of $4,254, more or less, in U.S. currency seized on July 24, 2007 (CATS No. 07-DEA-488368);

(3)   The sum of $820, more or less, in U.S. currency seized on July 24, 2007 (CATS No. 07-DEA-488384); and

(4)   One Glock Model 32 semi-automatic pistol, seized on July 24, 2007 (CATS No. 07-DEA-487258).

In the event the net equity in 2007 Cadillac Escalade is determined by the United States to be below its necessary threshold amount, the United States reserves the right to decline forfeiture of the respective asset, however, Ms. Headen further agrees that in such instance, she will forfeit to the State of West Virginia any and all such property that the United States does not intend to forfeit should the State thereafter decide to proceed with forfeiture of said property under state law;

(b)   To assist the United States and its agents in identifying all such property, regardless of its location and the

EULALIA HEADEN
Defendant

10-15-07
Date Signed

DEBRA A. KILGORE
Counsel for Defendant

10/15/07
Date Signed

manner in which it is titled.  Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 21 U.S.C. §§ 881(a) or 853(a), in either an administrative or judicial forfeiture action;

(c)   To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(d)   To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(e)   To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

7.   **USE IMMUNITY**.  Unless this agreement becomes void due to a violation of any of its terms by Ms. Headen nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.


_____          _10 - 15 - 07_____
EULALIA HEADEN                              Date Signed
Defendant

_____          _10/15/07_____
DEBRA A. KILGORE                            Date Signed
Counsel for Defendant

Debra A. Kilgore, Esquire
October 9, 2007
Page 5                                    Re:   Eulalia Headen


8.   **LIMITATIONS ON IMMUNITY.**   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Headen for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Headen for perjury or false statement if such a situation should occur pursuant to this agreement.

9.   **PAYMENT OF MONETARY PENALTIES.**   Ms. Headen agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.   So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Headen further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

10.   **APPEAL OF SENTENCE.**   The United States and Ms. Headen knowingly and voluntarily waive their right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent either party from arguing for a sentence above or below the guideline range at or before the sentencing hearing, nor does it prevent either party from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.


_Eulalia Headen_                              _10 - 15 - 07_
EULALIA HEADEN                                Date Signed
Defendant

_Debra Kilgore_                               _10/15/07_
DEBRA A. KILGORE                              Date Signed
Counsel for Defendant

Further, the United States and Ms. Headen agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is outside of the range provided for the offense of conviction by the United States Sentencing Guidelines.

11.    **FINAL DISPOSITION**.  The matter of sentencing is within the sole discretion of the Court.  The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

(a)    Inform the Probation Office and the Court of all relevant facts and conduct;

(b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)    Respond to questions raised by the Court;

(d)    Correct inaccuracies or inadequacies in the presentence report;

(e)    Respond to statements made to the Court by or on behalf of Ms. Headen;

(f)    Advise the Court concerning the nature and extent of Ms. Headen's cooperation; and

(g)    Address the Court regarding the issue of Ms. Headen's acceptance of responsibility.

12.    **VOIDING OF AGREEMENT**.  If either the United States or Ms. Headen violates the terms of this agreement, the other party will

_____
EULALIA HEADEN
Defendant

_____
10-15-07
Date Signed

_____
DEBRA A. KILGORE
Counsel for Defendant

_____
10/15/07
Date Signed

have the right to void this agreement.   If the Court refuses to accept this agreement, it shall be void.

13.  **ENTIRETY OF AGREEMENT**.   This written agreement constitutes the entire agreement between the United States and Ms. Headen in this matter.   There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Headen in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
United States Attorney

By:

MILLER A. BUSHONG III
Assistant United States Attorney

MAB/tb

I hereby acknowledge by my signature at the bottom of each page of this seven-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.

EULALIA HEADEN
Defendant

10-15-07
Date Signed

DEBRA A. KILGORE
Counsel for Defendant

10/15/07
Date Signed

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. _____

                                                      **21 U.S.C. § 843(b)**

**EULALIA HEADEN**

## I N F O R M A T I O N

The United States Attorney Charges:

On or about July 9, 2007, in or near Havaco, McDowell County, West Virginia, within the Southern District of West Virginia, defendant EULALIA HEADEN knowingly and intentionally used a communication facility, that is, a telephone, in committing, causing, and facilitating the commission of an act constituting a felony in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, that is, aiding and abetting the possession with intent to distribute a quantity of hydrocodone, a Schedule III controlled substance.

In violation of Title 21, United States Code, Section 843(b).

                              UNITED STATES OF AMERICA

                              CHARLES T. MILLER
                              United States Attorney


                    By: _____
                              MILLER A. BUSHONG III
                              Assistant United States Attorney


Filed: _____, 2007


"Plea Agreement Exhibit A"